- MOOMY v. G. & J. TIRE CO. et al.

Circuit Court of Appeals, Seventh Circuit.
June 5, 1928.

No. 3979.

Patents ⬤☞328—1,068,691, for patch for rubber articles, held not infringed.

Patent No. 1,068,691, issued to Joseph G. Moomy for patch for rubber articles, *held* not infringed.

Appeal from the District Court of the United States for the District of Indiana.

Patent infringement suit by Joseph G. Moomy against the G. & J. Tire Company and another. From an order of dismissal, complainant appeals. Affirmed.

David P. Wolhaupter, of Washington, D. C., for appellant.

Livingston Gifford, of New York City, for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellant's bill, charging infringement of Moomy patent No. 1,068,691, patch for rubber articles, was dismissed for want of equity.

The single claim of the patent reads:

"A patch for rubber articles having one surface raw rubber and the opposite surface vulcanized rubber and formed of a layer of raw rubber, and a layer of vulcanizing stock united by and during the vulcanization of the vulcanizing stock."

The defenses were invalidity, prior use, and noninfringement.

While there are some weaknesses in it, the evidence is very strong of identity between appellant's use and the so-called Plymouth use of 25 years ago.

Some of the many prior art patents cited will be considered.

After describing the figures of the patent, showing the "patch for rubber articles," the specification proceeds, and it is so important, in view of certain arguments made, that we reproduce substantial portions of it:

"Heretofore, patches of this kind have been made by forming a layer of vulcanized rubber * * * and then placing on this a layer of raw rubber or nonvulcanized rubber. * * * The layer of raw rubber has heretofore been secured to the layer of vulcanized rubber by the use of cement or cold process solutions, the raw rubber being united with the vulcanized rubber after the vulcanization of the vulcanized layer."

Then follows a statement that from the use of benzin separation of the layers sometimes occurs, and what the inventor did to obviate that difficulty.

The Tillinghast patent, No. 809,409, is one of the references cited, and a process, therein described as being well known when the application was filed in 1903, is so like, in that respect, the remainder of the Moomy specification of 1912, that we have adopted appellee's parallel for the purpose of here reproducing the two statements:

| Tillinghast 1906 (p. 299). | Moomy 1912 (p. 205). |
|---|---|
| "It is well known that unsulfurized caoutchouc, that in itself is unvulcanizable will be vulcanized to sulfurized or vulcanizable caoutchouc when the two are brought into contact and subjected to heat." | "By forming the layer of raw rubber of nonvulcanizing or raw stock and placing it in contact with the layer of vulcanizing stock having the usual ingredients to effect the vulcanization and vulcanizing the vulcanizing layer in contact with the layer of raw rubber." |
| "Enough of the melted sulfur during the heat is absorbed or otherwise taken up by the unsulfurized caoutchouc from that which has been sulfurized to permit a thorough vulcanized union of the two." | "The vulcanizing compound of the vulcanizing layer penetrates the contacting surface of the layer of raw rubber slightly so that there is a complete union between the layer of raw rubber and the layer of vulcanizing stock as the layers are vulcanized." |
| "The vulcanization may not extend into the mass of unsulphurized caoutchouc to any great depth; but the original surface will be found integral with that which has been sulfurized and will resist all attempts at separation on said original surface line. * * *" | "On the other hand, the vulcanizing material does not penetrate the layer of raw rubber sufficiently to impair the adhesive efficiency of the outer surface of the layer of raw rubber." |

No attempt is made to dispute the existence of the process, as stated by Tillinghast. Nor is the identity of that process and the Moomy process disputed. On the contrary it is said that it supports "Moomy's claim that he is the first one in the art to have made a rubber patch or patching material for the inner tubes of tires utilizing the above described sulphur migration principle to provide a vulcanized bond or union between the vulcanizing layer and the unvulcanizing layer 'by and during the vulcanization of the vulcanizing layer.'"

This, then, is Moomy's claim, not that he discovered the so-called migratory character of sulphur under heat in a rubber compound, but that he was the first in the art to have used the sulphur migration principle in making a rubber patch for inner tubes of tires. Although such material seems to have been applied to uses in connection with inner tubes of tires, yet Moomy's invention had nothing to do with such a use. Nowhere in the application or claim, nor in the discussion in the Patent Office, is there found any limitation or application to such a use. Moomy simply described and claimed a method of making material for a "patch for rubber articles." He was not dealing with the problem of attaching the material to the article to be patched, and neither tires nor inner tubes are mentioned. The specification says:

"The invention relates to patches for rubber articles and *consists in certain improvements in the construction thereof.*" (Italics ours.)

The purpose stated is merely *to construct a material.* Then follows the statement that:

"The contact face of the rubber patch in order to adhere readily to the article being patched is *ordinarily* formed of raw rubber." (Italics ours.)

That shows that the raw face for adhesion was then old. Moomy claimed nothing on that score.

In the Patent Office, Moomy's application was first rejected on No. 787,010 to Tingley, which was for a rubber patch for general purposes, and especially for all sorts of tires. The discussion thereon shows just what Tingley had done in 1906, and the way in which Moomy's alleged invention differed therefrom. The language used in that discussion is the language of the Moomy application. The controversy there was clearly about the *method of making a supposedly new and useful material* without any reference to any purpose for which it was to be used.

The Moomy specification above quoted shows a prior use of patch put together in the way there described. It also specifies a

difficulty that developed therein, namely, that by the use of benzin to soften one side of the rubber, so that it would adhere to the article to be patched, the soft layer was sometimes separated from the vulcanized layer. To obviate that defect in construction, was the sole purpose, and, if new, the sole accomplishment by Moomy. It is now admitted that thing was not new.

We are of opinion that the order of dismissal should be, and it is, affirmed.